

NOV 10 2015

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TOMMY THOMPSON (#101990) | DOCKET NO: 15-CV-1929; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM KEITH, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

<u>REPORT AND RECOMMENDATION</u>

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Tommy Thompson, filed *in forma pauperis*. Plaintiff is incarcerated at Allen Correctional Center in Kinder, Louisiana. At the time of filing, he was incarcerated at Winn Correctional Center in Winnfield, Louisiana. He complains that he is being deprived of adequate medical care in violation of his constitutional rights. He names as defendants Tim Keith, James LeBlanc, Medical Director Marr, and the medical staff.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. §626 and a standing order of this Court.

*Factual Allegations*

Plaintiff alleges that he was transferred to Winn Correctional on April 22, 2015, without WNC knowing of Plaintiff's serious medical conditions. He informed the nurses that he suffered from heart disease and diabetes, and that he had an appointment at the LSU medical center in New Orleans to see a specialist. Plaintiff states that he made a sick call, and a nurse reviewed his chart.

He complains that he had to wait twenty-five days to receive a C-PAP machine.

In an amended complaint, he alleged that, on a number of unspecified dates, he suffered chest pain, but was not referred to an outside cardiologist. [Doc. #9]

Plaintiff states that he was moved on September 21, 2015, to Allen Correctional Center.

According to medical records submitted by Plaintiff, he submitted a sick call and was assessed May 29, 2015, with complaints of high blood sugar. [Doc. #9, p.8] Fingerstick blood sugar tests were conducted.

Plaintiff was examined again on June 4, 2015 for "off-and-on" chest pain. He was prescribed nitroglycerine medication. [Doc. #9, p.6]

On June 12, 2015, Plaintiff made another sick call for chest pain. He was examined, and his oxygen saturation level was noted as 98%. An EKG was performed, and he was prescribed various medications. [Doc. #9, p.6]

Plaintiff was examined again on August 6, 2015, pursuant to a medical emergency call for dizziness and lightheadedness. [Doc. #9, p.10] His blood pressure was noted, with swelling noted to his extremities. He was prescribed Lisinopril and Isosorbide. [Doc. #9, p.10]

On August 20, 2015, Plaintiff made a sick call due to rectal

pain. He was diagnosed with hemorrhoids and prescribed Dibucaine ointment. [Doc. #9, p.11]

He was observed in the medical ward on August 23, 2015, due to a medical emergency call. [Doc. #9, p.12]

On August 24, 2015, Plaintiff was examined in the infirmary due to another medical emergency exam. His medications were adjusted and an x-ray was scheduled. [Doc. #9, p.13]

On September 18, 2015, Plaintiff requested medical care for itching. He was prescribed A&D ointment. [Doc. #9, p.14]

### *Law and Analysis*

A complaint may be dismissed when the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court confirmed that the Plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to withstand a Rule 12(b)(6) motion. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Facial plausibility "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

Id. (quoting Twombly, 550 U.S. at 555). There must be more than a sheer possibility that a defendant has acted unlawfully. See Twombly, 550 U.S. at 556.

Despite being provided an opportunity and instructions to amend his complaint, Plaintiff has not provided factual allegations to support the claim that his constitutional rights were violated.

In cases involving the denial of medical treatment, the facts underlying a claim of deliberate indifference must clearly evince the serious medical need in question and the alleged official dereliction. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985). "[T]he plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. (internal quotation marks and citation omitted). Negligence, neglect, or medical malpractice do not constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004). Plaintiff has not alleged deliberate indifference by any defendant. His complaints were not ignored. He has been examined, treated, had tests ordered, and received medication.

To the extent that Plaintiff disagrees with the care he received or the diagnosis and treatment provided, his claim fails.

Disagreement with diagnosis and treatment cannot support a claim of deliberate indifference. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff also complains that he had to wait twenty-five days for his C-PAP machine, which had been broken at another facility. "Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm." Easter v. Powell, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff had not alleged any substantial harm suffered as a result of the delay in receiving his C-PAP machine.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.**

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 9th day of November, 2015.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE